IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

**United States District Court**
**Southern District of Texas**
**FILED**

JUN 1 3 2003

**Michael N. Milby**
**Clerk of Court**

| | | |
|---|---|---|
| VALLEY ICE & FUEL CO., INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS | § | CIVIL ACTION NO. **B-03-112** |
| | § | |
| F/V MECOACAN II, | § | |
| F/V 15 DE OCTUBRE I, | § | |
| F/V CAMARONES DEL GOLFO XII, | § | |
| F/V ESPERANZA V | § | |
| F/V PORTHOS II,   ET AL | § | |
| their engines, tackle, apparel | § | |
| and furniture, *in rem*, | § | |
| | § | |
| Defendants, | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW VALLEY ICE & FUEL CO., INC., Plaintiff herein, complaining of the above

named Fishing Vessels, their engines, nets, tackle, apparel, and furniture, *in rem*, Defendants herein,

and for cause of action would respectfully show unto the Court the following:

I.

## PARTIES

1) Plaintiff is a Texas corporation having its principal place of business in Cameron

County, Texas.

2) The *in rem* Defendants are Mexican shrimp trawlers which are registered under the

laws of Mexico, and may be served with process by serving the vessels as they may appear in Port

Isabel, Texas or Brownsville, Texas, or anywhere within the jurisdiction of the Southern District of Texas.

## II.

## JURISDICTION AND VENUE

3)       This is a case involving the admiralty and maritime jurisdiction of this Court as more fully appears hereafter, and Plaintiff's claim is in admiralty and maritime within the meaning of Rule 9(h) and Supplemental Rules B and C of the Federal Rules Of Civil Procedure.  This Court has subject matter jurisdiction under 46 U.S.C. § 31342 and 29 U.S.C. § 1333.  The defendant vessels are or will be during the pendency of this process within this district and within the jurisdiction of this Court.

## III.

## FACTS OF THE CASE

4)       Plaintiff, VALLEY ICE & FUEL CO., INC. is a corporation which is engaged in the sale of diesel fuel and petroleum products and supplies to shrimp trawlers.

5)       Beginning on or about August 28, 2000, at the instance and request by the owner/master of the F/V MECOACAN II, Plaintiff furnished diesel fuel, lube oil, and other associated petroleum products to such Defendant vessel. Plaintiff delivered to the owner/master of such vessel its statements for the aforementioned fuel and associated products, and after allowing all just credits and offsets, the amount of $14,300.41, including interest through April 30, 2003, remains due and owing to Plaintiff and such amount has not been paid to Plaintiff. True copies of the invoices are attached hereto as EXHIBIT A and made a part hereof for all purposes.

6)      Beginning on or about September 8, 1999 and continuing thru October 28, 1999, at the instance and request by the owner/master of the F/V 15 DE OCTUBRE I , Plaintiff furnished diesel fuel, lube oil, and other associated petroleum products to such Defendant vessel. Plaintiff delivered to the owner/master of such vessel its statements for the aforementioned fuel and associated products, and after allowing all just credits and offsets, the amount of $14,160.25, including interest through April 30, 2003, remains due and owing to Plaintiff and such amount has not been paid to Plaintiff. True copies of the invoices are attached hereto as EXHIBIT B and made a part hereof for all purposes.

7)      On or about November 8, 1999, at the instance and request by the owner/master of the F/V CAMARONES DEL GOLFO XII, Plaintiff furnished diesel fuel, lube oil, and other associated petroleum products to such Defendant vessel. Plaintiff delivered to the owner/master of such vessel its statements for the aforementioned fuel and associated products, and after allowing all just credits and offsets, the amount of $9,895.52, including interest through April 30, 2003, remains due and owing to Plaintiff and such amount has not been paid to Plaintiff. True copies of the invoices are attached hereto as EXHIBIT C and made a part hereof for all purposes.

8)      Beginning on or about November 8, 1999 and again on December 14,1999, at the instance and request by the owner/master of the F/V ESPERANZA V, Plaintiff furnished diesel fuel, lube oil, and other associated petroleum products to such Defendant vessel. Plaintiff delivered to the owner/master of such vessel its statements for the aforementioned fuel and associated products, and after allowing all just credits and offsets, the amount of $23,108.34, including interest through April 30, 2003, remains due and owing to Plaintiff and such amount has not been paid to Plaintiff. True copies of the invoices are attached hereto as EXHIBIT D and made a part hereof for all purposes.

9)      Beginning on or about July 31, 2001 and continuing through September 11, 2001, Plaintiff, at the instance and request by the owner/master of the F/V PORTHOS II, Plaintiff furnished diesel fuel, lube oil, and other associated petroleum products to such Defendant vessel. Plaintiff delivered to the owner/master of such vessel its statements for the aforementioned fuel and associated products, and after allowing all just credits and offsets, the amount of $6,344.23, including interest through April 30, 2003, remains due and owing to Plaintiff and such amount has not been paid to Plaintiff. True copies of the invoices are attached hereto as EXHIBIT E and made a part hereof for all purposes.

10)     On or about September 27, 2000, at the instance and request by the owner/master of the F/V PONY CHIEF, Plaintiff furnished diesel fuel, lube oil, and other associated petroleum products to such Defendant vessel. Plaintiff delivered to the owner/master of such vessel its statements for the aforementioned fuel and associated products, and after allowing all just credits and offsets, the amount of $12,554.65, including interest through April 30, 2003, remains due and owing to Plaintiff and such amount has not been paid to Plaintiff. True copies of the invoices are attached hereto as EXHIBIT F and made a part hereof for all purposes.

11)     On or about January 19, 2001, at the instance and request by the owner/master of the F/V FIPESCO 79, Plaintiff furnished diesel fuel, lube oil, and other associated petroleum products to such Defendant vessel. Plaintiff delivered to the owner/master of such vessel its statements for the aforementioned fuel and associated products, and after allowing all just credits and offsets, the amount of $12,497.42, including interest through April 30, 2003, remains due and owing to Plaintiff and such amount has not been paid to Plaintiff. True copies of the invoices are attached hereto as EXHIBIT G and made a part hereof for all purposes.

12)    On or about August 17, 2001, at the instance and request by the owner/master of the F/V TWINS I, Plaintiff furnished diesel fuel, lube oil, and other associated petroleum products to such Defendant vessel. Plaintiff delivered to the owner/master of such vessel its statements for the aforementioned fuel and associated products, and after allowing all just credits and offsets, the amount of $11,205.03, including interest through April 30, 2003, remains due and owing to Plaintiff and such amount has not been paid to Plaintiff. True copies of the invoices are attached hereto as EXHIBIT H and made a part hereof for all purposes.

13)    On or about December 7, 2001, at the instance and request by the owner/master of the F/V TWINS II, Plaintiff furnished diesel fuel, lube oil, and other associated petroleum products to such Defendant vessel. Plaintiff delivered to the owner/master of such vessel its statements for the aforementioned fuel and associated products, and after allowing all just credits and offsets, the amount of $7,484.21, including interest through April 30, 2003, remains due and owing to Plaintiff and such amount has not been paid to Plaintiff. True copies of the invoices are attached hereto as EXHIBIT H-1 and made a part hereof for all purposes.

14)    On or about January 4, 2002, at the instance and request by the owner/master of the F/V ANA LORENA, Plaintiff furnished diesel fuel, lube oil, and other associated petroleum products to such Defendant vessel. Plaintiff delivered to the owner/master of such vessel its statements for the aforementioned fuel and associated products, and after allowing all just credits and offsets, the amount of $6,653.06, including interest through April 30, 2003, remains due and owing to Plaintiff and such amount has not been paid to Plaintiff. True copies of the invoices are attached hereto as EXHIBIT H and made a part hereof for all purposes.

15)    On or about January 17, 2002, at the instance and request by the owner/master of the F/V SANTA MARIA, Plaintiff furnished diesel fuel, lube oil, and other associated petroleum products to such Defendant vessel. Plaintiff delivered to the owner/master of such vessel its statements for the aforementioned fuel and associated products, and after allowing all just credits and offsets, the amount of $5,746.20, including interest through April 30, 2003, remains due and owing to Plaintiff and such amount has not been paid to Plaintiff. True copies of the invoices are attached hereto as EXHIBIT I and made a part hereof for all purposes.

16)    On or about August 13, 2002, at the instance and request by the owner/master of the F/V MARBELLO VI,  Plaintiff furnished diesel fuel, lube oil, and other associated petroleum products to such Defendant vessel. Plaintiff delivered to the owner/master of such vessel its statements for the aforementioned fuel and associated products, and after allowing all just credits and offsets, the amount of $4,532.21, including interest through April 30, 2003, remains due and owing to Plaintiff and such amount has not been paid to Plaintiff. True copies of the invoices are attached hereto as EXHIBIT J and made a part hereof for all purposes.

17)    On or about February 17, 2002, at the instance and request by the owner/master of the F/V ANDARIEGO, Plaintiff furnished diesel fuel, lube oil, and other associated petroleum products to such Defendant vessel. Plaintiff delivered to the owner/master of such vessel its statements for the aforementioned fuel and associated products, and after allowing all just credits and offsets, the amount of $14,554.22, including interest through April 30, 2003, remains due and owing to Plaintiff and such amount has not been paid to Plaintiff. True copies of the invoices are attached hereto as EXHIBIT K and made a part hereof for all purposes.

18)    On or about July 15, 2002, at the instance and request by the owner/master of the F/V ONASSIS I, Plaintiff furnished diesel fuel, lube oil, and other associated petroleum products to such Defendant vessel. Plaintiff delivered to the owner/master of such vessel its statements for the aforementioned fuel and associated products, and after allowing all just credits and offsets, the amount of $6,774.50, including interest through April 30, 2003, remains due and owing to Plaintiff and such amount has not been paid to Plaintiff. True copies of the invoices are attached hereto as EXHIBIT L and made a part hereof for all purposes.

19)    On or about July 19, 2002, at the instance and request by the owner/master of the F/V ONASSIS II, Plaintiff furnished diesel fuel, lube oil, and other associated petroleum products to such Defendant vessel. Plaintiff delivered to the owner/master of such vessel its statements for the aforementioned fuel and associated products, and after allowing all just credits and offsets, the amount of $2,674.12, including interest through April 30, 2003, remains due and owing to Plaintiff and such amount has not been paid to Plaintiff. True copies of the invoices are attached hereto as EXHIBIT L and made a part hereof for all purposes.

20)    On or about August 12, 2002, at the instance and request by the owner/master of the F/V DON MANUEL ALBERTO III, Plaintiff furnished diesel fuel, lube oil, and other associated petroleum products to such Defendant vessel. Plaintiff delivered to the owner/master of such vessel its statements for the aforementioned fuel and associated products, and after allowing all just credits and offsets, the amount of $3,434.52, including interest through April 30, 2003, remains due and owing to Plaintiff and such amount has not been paid to Plaintiff. True copies of the invoices are attached hereto as EXHIBIT M and made a part hereof for all purposes.

21)     On or about February 24, 1999, and on subsequent dates at the instance and request by the owner/master of the F/V DON CEFE, Plaintiff furnished diesel fuel, lube oil, and other associated petroleum products to such Defendant vessel. Plaintiff delivered to the owner/master of such vessel its statements for the aforementioned fuel and associated products, and after allowing all just credits and offsets, the amount of $17,267.96, including interest through April 30, 2003, remains due and owing to Plaintiff and such amount has not been paid to Plaintiff. True copies of the invoices are attached hereto as EXHIBIT N and made a part hereof for all purposes.

22)     On or about January 17, 2002, and on subsequent dates at the instance and request by the owner/master of the F/V ASTURIANO, Plaintiff furnished diesel fuel, lube oil, and other associated petroleum products to such Defendant vessel. Plaintiff delivered to the owner/master of such vessel its statements for the aforementioned fuel and associated products, and after allowing all just credits and offsets, the amount of $6,513.50, including interest through April 30, 2003, remains due and owing to Plaintiff and such amount has not been paid to Plaintiff. True copies of the invoices are attached hereto as EXHIBIT N and made a part hereof for all purposes.

23)     On or about October 6, 2000, and on subsequent dates at the instance and request by the owner/master of the F/V LULU, Plaintiff furnished diesel fuel, lube oil, and other associated petroleum products to such Defendant vessel. Plaintiff delivered to the owner/master of such vessel its statements for the aforementioned fuel and associated products, and after allowing all just credits and offsets, the amount of $9,837.08, including interest through April 30, 2003, remains due and owing to Plaintiff and such amount has not been paid to Plaintiff. True copies of the invoices are attached hereto as EXHIBIT O and made a part hereof for all purposes.

24)    On or about October 30,2000 and on subsequent dates at the instance and request by the owner/master of the F/V PRECIOSA, Plaintiff furnished diesel fuel, lube oil, and other associated petroleum products to such Defendant vessel. Plaintiff delivered to the owner/master of such vessel its statements for the aforementioned fuel and associated products, and after allowing all just credits and offsets, the amount of $13,352.72, including interest through April 30, 2003, remains due and owing to Plaintiff and such amount has not been paid to Plaintiff. True copies of the invoices are attached hereto as EXHIBIT P and made a part hereof for all purposes.

25)    On or about November 8, 2000, and on subsequent dates at the instance and request by the owner/master of the F/V SAHIMO I, Plaintiff furnished diesel fuel, lube oil, and other associated petroleum products to such Defendant vessel. Plaintiff delivered to the owner/master of such vessel its statements for the aforementioned fuel and associated products, and after allowing all just credits and offsets, the amount of $4,372.92, including interest through April 30, 2003, remains due and owing to Plaintiff and such amount has not been paid to Plaintiff. True copies of the invoices are attached hereto as EXHIBIT P and made a part hereof for all purposes.

26)    On or about January 16,2001, and on subsequent dates at the instance and request by the owner/master of the F/V DEN-GAY, Plaintiff furnished diesel fuel, lube oil, and other associated petroleum products to such Defendant vessel. Plaintiff delivered to the owner/master of such vessel its statements for the aforementioned fuel and associated products, and after allowing all just credits and offsets, the amount of $11,674.79, including interest through March 30, 2003, remains due and owing to Plaintiff and such amount has not been paid to Plaintiff. True copies of the invoices are attached hereto as EXHIBIT Q and made a part hereof for all purposes.

27)    On or about November 20, 2000, at the instance and request by the owner/master of the F/V EVASE I, Plaintiff furnished diesel fuel, lube oil, and other associated petroleum products to such Defendant vessel. Plaintiff delivered to the owner/master of such vessel its statements for the aforementioned fuel and associated products, and after allowing all just credits and offsets, the amount of $11,848.44, including interest through March 30, 2003, remains due and owing to Plaintiff and such amount has not been paid to Plaintiff. True copies of the invoices are attached hereto as EXHIBIT R and made a part hereof for all purposes.

28)    On or about December 8, 2001, and on subsequent dates at the instance and request by the owner/master of the F/V ASTUR III, Plaintiff furnished diesel fuel, lube oil, and other associated petroleum products to such Defendant vessel. Plaintiff delivered to the owner/master of such vessel its statements for the aforementioned fuel and associated products, and after allowing all just credits and offsets, the amount of $7,322.68, including interest through March 30, 2003, remains due and owing to Plaintiff and such amount has not been paid to Plaintiff. True copies of the invoices are attached hereto as EXHIBIT S and made a part hereof for all purposes.

29)    On or about November 26, 2001, and on subsequent dates at the instance and request by the owner/master of the F/V GIJON IX, Plaintiff furnished diesel fuel, lube oil, and other associated petroleum products to such Defendant vessel. Plaintiff delivered to the owner/master of such vessel its statements for the aforementioned fuel and associated products, and after allowing all just credits and offsets, the amount of $10,531.76, including interest through March 30, 2003, remains due and owing to Plaintiff and such amount has not been paid to Plaintiff. True copies of the invoices are attached hereto as EXHIBIT S and made a part hereof for all purposes.

30)    On or about November 26, 2001, and on subsequent dates at the instance and request by the owner/master of the F/V RASTREADOR, Plaintiff furnished diesel fuel, lube oil, and other associated petroleum products to such Defendant vessel. Plaintiff delivered to the owner/master of such vessel its statements for the aforementioned fuel and associated products, and after allowing all just credits and offsets, the amount of $11,378.24, including interest through March 30, 2003, remains due and owing to Plaintiff and such amount has not been paid to Plaintiff. True copies of the invoices are attached hereto as EXHIBIT S and made a part hereof for all purposes.

31)    On or about November 19, 2001, and on subsequent dates at the instance and request by the owner/master of the F/V VIAJERO, Plaintiff furnished diesel fuel, lube oil, and other associated petroleum products to such Defendant vessel. Plaintiff delivered to the owner/master of such vessel its statements for the aforementioned fuel and associated products, and after allowing all just credits and offsets, the amount of $12,716.19, including interest through March 30, 2003, remains due and owing to Plaintiff and such amount has not been paid to Plaintiff. True copies of the invoices are attached hereto as EXHIBIT S and made a part hereof for all purposes.

32)    On or about march 31, 2001, and on subsequent dates at the instance and request by the owner/master of the F/V DON FULVIO, Plaintiff furnished diesel fuel, lube oil, and other associated petroleum products to such Defendant vessel. Plaintiff delivered to the owner/master of such vessel its statements for the aforementioned fuel and associated products, and after allowing all just credits and offsets, the amount of $3,804.00, including interest through March 30, 2003, remains due and owing to Plaintiff and such amount has not been paid to Plaintiff. True copies of the invoices are attached hereto as EXHIBIT T and made a part hereof for all purposes.

33)    On or about August 25, 2000, and on subsequent dates at the instance and request by the owner/master of the F/V ALIMAR I, Plaintiff furnished diesel fuel, lube oil, and other associated petroleum products to such Defendant vessel. Plaintiff delivered to the owner/master of such vessel its statements for the aforementioned fuel and associated products, and after allowing all just credits and offsets, the amount of $3,548.92, including interest through April 30, 2003, remains due and owing to Plaintiff and such amount has not been paid to Plaintiff.  True copies of the invoices are attached hereto as EXHIBIT U and made a part hereof for all purposes.

34)    On or about January 15, 1999, and on subsequent dates at the instance and request by the owner/master of the F/V ROJIMAR I, Plaintiff furnished diesel fuel, lube oil, and other associated petroleum products to such Defendant vessel. Plaintiff delivered to the owner/master of such vessel its statements for the aforementioned fuel and associated products, and after allowing all just credits and offsets, the amount of $15,051.53, including interest through April 30, 2003, remains due and owing to Plaintiff and such amount has not been paid to Plaintiff.  True copies of the invoices are attached hereto as EXHIBIT V and made a part hereof for all purposes.

35)    On or about April 28, 1999, and on subsequent dates at the instance and request by the owner/master of the F/V ROJIMAR II, Plaintiff furnished diesel fuel, lube oil, and other associated petroleum products to such Defendant vessel. Plaintiff delivered to the owner/master of such vessel its statements for the aforementioned fuel and associated products, and after allowing all just credits and offsets, the amount of $19,952.88, including interest through April 30, 2003, remains due and owing to Plaintiff and such amount has not been paid to Plaintiff.  True copies of the invoices are attached hereto as EXHIBIT V and made a part hereof for all purposes.

36)     On or about August 3, 2001, and on subsequent dates at the instance and request by the owner/master of the F/V FENICIO, Plaintiff furnished diesel fuel, lube oil, and other associated petroleum products to such Defendant vessel. Plaintiff delivered to the owner/master of such vessel its statements for the aforementioned fuel and associated products, and after allowing all just credits and offsets, the amount of $6,247.00, including interest through April 30, 2003, remains due and owing to Plaintiff and such amount has not been paid to Plaintiff.  True copies of the invoices are attached hereto as EXHIBIT W and made a part hereof for all purposes.

37)     On or about August 3, 2001, and on subsequent dates at the instance and request by the owner/master of the F/V FIPESCO 51, Plaintiff furnished diesel fuel, lube oil, and other associated petroleum products to such Defendant vessel. Plaintiff delivered to the owner/master of such vessel its statements for the aforementioned fuel and associated products, and after allowing all just credits and offsets, the amount of $4,757.29, including interest through April 30, 2003, remains due and owing to Plaintiff and such amount has not been paid to Plaintiff.  True copies of the invoices are attached hereto as EXHIBIT W and made a part hereof for all purposes.

38)     On or about August 3, 2001, and on subsequent dates at the instance and request by the owner/master of the F/V FIPESCO 90, Plaintiff furnished diesel fuel, lube oil, and other associated petroleum products to such Defendant vessel. Plaintiff delivered to the owner/master of such vessel its statements for the aforementioned fuel and associated products, and after allowing all just credits and offsets, the amount of $7, 322.17, including interest through April 30, 2003, remains due and owing to Plaintiff and such amount has not been paid to Plaintiff.  True copies of the invoices are attached hereto as EXHIBIT W and made a part hereof for all purposes.

39)    On or about March 8, 2002 , and on subsequent dates at the instance and request by the owner/master of the F/V DON ARTURO, Plaintiff furnished diesel fuel, lube oil, and other associated petroleum products to such Defendant vessel. Plaintiff delivered to the owner/master of such vessel its statements for the aforementioned fuel and associated products, and after allowing all just credits and offsets, the amount of $12,895.71, including interest through April 30, 2003, remains due and owing to Plaintiff and such amount has not been paid to Plaintiff.  True copies of the invoices are attached hereto as EXHIBIT X and made a part hereof for all purposes.

40)    On or about April 1, 2002, at the instance and request by the owner/master of the F/V DON VALE, Plaintiff furnished diesel fuel, lube oil, and other associated petroleum products to such Defendant vessel. Plaintiff delivered to the owner/master of such vessel its statements for the aforementioned fuel and associated products, and after allowing all just credits and offsets, the amount of $7,964.96, including interest through April 30, 2003, remains due and owing to Plaintiff and such amount has not been paid to Plaintiff.  True copies of the invoices are attached hereto as EXHIBIT X and made a part hereof for all purposes.

41)    On or about March 5, 2002 , and on subsequent dates at the instance and request by the owner/master of the F/V FIPESCO 28, Plaintiff furnished diesel fuel, lube oil, and other associated petroleum products to such Defendant vessel. Plaintiff delivered to the owner/master of such vessel its statements for the aforementioned fuel and associated products, and after allowing all just credits and offsets, the amount of $14,495.91, including interest through April 30, 2003, remains due and owing to Plaintiff and such amount has not been paid to Plaintiff.  True copies of the invoices are attached hereto as EXHIBIT X and made a part hereof for all purposes.

42)    On or about April 1, 2002, at the instance and request by the owner/master of the F/V GIJON VI, Plaintiff furnished diesel fuel, lube oil, and other associated petroleum products to such Defendant vessel. Plaintiff delivered to the owner/master of such vessel its statements for the aforementioned fuel and associated products, and after allowing all just credits and offsets, the amount of $7,181.83, including interest through April 30, 2003, remains due and owing to Plaintiff and such amount has not been paid to Plaintiff. True copies of the invoices are attached hereto as EXHIBIT X and made a part hereof for all purposes.

43)    On or about April 1, 2002, at the instance and request by the owner/master of the F/V ING. STANYO, Plaintiff furnished diesel fuel, lube oil, and other associated petroleum products to such Defendant vessel. Plaintiff delivered to the owner/master of such vessel its statements for the aforementioned fuel and associated products, and after allowing all just credits and offsets, the amount of $ 7,815.43, including interest through April 30, 2003, remains due and owing to Plaintiff and such amount has not been paid to Plaintiff. True copies of the invoices are attached hereto as EXHIBIT X and made a part hereof for all purposes.

44)    On or about April 1, 2002, and on subsequent dates at the instance and request by the owner/master of the F/V PENAMAR 5, Plaintiff furnished diesel fuel, lube oil, and other associated petroleum products to such Defendant vessel. Plaintiff delivered to the owner/master of such vessel its statements for the aforementioned fuel and associated products, and after allowing all just credits and offsets, the amount of $7,972.95, including interest through April 30, 2003, remains due and owing to Plaintiff and such amount has not been paid to Plaintiff. True copies of the invoices are attached hereto as EXHIBIT X and made a part hereof for all purposes.

45)    On or about March 6, 2002 , and on subsequent dates at the instance and request by the owner/master of the F/V PENAMAR 7, Plaintiff furnished diesel fuel, lube oil, and other associated petroleum products to such Defendant vessel. Plaintiff delivered to the owner/master of such vessel its statements for the aforementioned fuel and associated products, and after allowing all just credits and offsets, the amount of $11,355.79, including interest through April 30, 2003, remains due and owing to Plaintiff and such amount has not been paid to Plaintiff.  True copies of the invoices are attached hereto as EXHIBIT X and made a part hereof for all purposes.

46)    On or about September 1, 2000, and on subsequent dates at the instance and request by the owner/master of the F/V CAPITAN LALO, Plaintiff furnished diesel fuel, lube oil, and other associated petroleum products to such Defendant vessel. Plaintiff delivered to the owner/master of such vessel its statements for the aforementioned fuel and associated products, and after allowing all just credits and offsets, the amount of $ 5,771.85, including interest through April 30, 2003, remains due and owing to Plaintiff and such amount has not been paid to Plaintiff.  True copies of the invoices are attached hereto as EXHIBIT Y and made a part hereof for all purposes.

47)    On or about October 9, 1999, at the instance and request by the owner/master of the F/V LAGUNA DE PANLAO IX, Plaintiff furnished diesel fuel, lube oil, and other associated petroleum products to such Defendant vessel. Plaintiff delivered to the owner/master of such vessel its statements for the aforementioned fuel and associated products, and after allowing all just credits and offsets, the amount of $6,423.00, including interest through April 30, 2003, remains due and owing to Plaintiff and such amount has not been paid to Plaintiff.  True copies of the invoices are attached hereto as EXHIBIT Z and made a part hereof for all purposes.

48)    On or about October 9, 1999, and on subsequent dates at the instance and request by the owner/master of the F/V SAN ANTONIO II, Plaintiff furnished diesel fuel, lube oil, and other associated petroleum products to such Defendant vessel. Plaintiff delivered to the owner/master of such vessel its statements for the aforementioned fuel and associated products, and after allowing all just credits and offsets, the amount of $ 18,289.50, including interest through April 30, 2003, remains due and owing to Plaintiff and such amount has not been paid to Plaintiff. True copies of the invoices are attached hereto as EXHIBIT Z and made a part hereof for all purposes.

49)    On or about June 20, 2002, at the instance and request by the owner/master of the F/V DANIELA, Plaintiff furnished diesel fuel, lube oil, and other associated petroleum products to such Defendant vessel. Plaintiff delivered to the owner/master of such vessel its statements for the aforementioned fuel and associated products, and after allowing all just credits and offsets, the amount of $ 12,168.21, including interest through April 30, 2003, remains due and owing to Plaintiff and such amount has not been paid to Plaintiff. True copies of the invoices are attached hereto as EXHIBIT AA and made a part hereof for all purposes.

50)    On or about March 22, 2002, at the instance and request by the owner/master of the F/V DON FRANCISCO R III, Plaintiff furnished diesel fuel, lube oil, and other associated petroleum products to such Defendant vessel. Plaintiff delivered to the owner/master of such vessel its statements for the aforementioned fuel and associated products, and after allowing all just credits and offsets, the amount of $10,431.33, including interest through April 30, 2003, remains due and owing to Plaintiff and such amount has not been paid to Plaintiff. True copies of the invoices are attached hereto as EXHIBIT BB and made a part hereof for all purposes.

51)     On or about April 3, 2002, at the instance and request by the owner/master of the F/V DON FRANCISCO R I, Plaintiff furnished diesel fuel, lube oil, and other associated petroleum products to such Defendant vessel. Plaintiff delivered to the owner/master of such vessel its statements for the aforementioned fuel and associated products, and after allowing all just credits and offsets, the amount of $ 18,176.20, including interest through April 30, 2003, remains due and owing to Plaintiff and such amount has not been paid to Plaintiff. True copies of the invoices are attached hereto as EXHIBIT BB and made a part hereof for all purposes.

52)     On or about February 7, 2002, and on a subsequent date at the instance and request by the owner/master of the F/V DON FRANCISCO R V, Plaintiff furnished diesel fuel, lube oil, and other associated petroleum products to such Defendant vessel. Plaintiff delivered to the owner/master of such vessel its statements for the aforementioned fuel and associated products, and after allowing all just credits and offsets, the amount of $6,588.90, including interest through April 30, 2003, remains due and owing to Plaintiff and such amount has not been paid to Plaintiff. True copies of the invoices are attached hereto as EXHIBIT CC and made a part hereof for all purposes.

53)     On or about March 20, 2002, at the instance and request by the owner/master of the F/V ROSA ISELA, Plaintiff furnished diesel fuel, lube oil, and other associated petroleum products to such Defendant vessel. Plaintiff delivered to the owner/master of such vessel its statements for the aforementioned fuel and associated products, and after allowing all just credits and offsets, the amount of $16,716.09, including interest through April 30, 2003, remains due and owing to Plaintiff and such amount has not been paid to Plaintiff. True copies of the invoices are attached hereto as EXHIBIT CC and made a part hereof for all purposes.

54)    On or about March 20, 2002, at the instance and request by the owner/master of the F/V DON FRANCISCO R VI, Plaintiff furnished diesel fuel, lube oil, and other associated petroleum products to such Defendant vessel. Plaintiff delivered to the owner/master of such vessel its statements for the aforementioned fuel and associated products, and after allowing all just credits and offsets, the amount of $8,763.14, including interest through April 30, 2003, remains due and owing to Plaintiff and such amount has not been paid to Plaintiff. True copies of the invoices are attached hereto as EXHIBIT CC and made a part hereof for all purposes.

55)    On or about April 3, 2002, at the instance and request by the owner/master of the F/V CAMARONERA X, Plaintiff furnished diesel fuel, lube oil, and other associated petroleum products to such Defendant vessel. Plaintiff delivered to the owner/master of such vessel its statements for the aforementioned fuel and associated products, and after allowing all just credits and offsets, the amount of $10,606.47, including interest through April 30, 2003, remains due and owing to Plaintiff and such amount has not been paid to Plaintiff. True copies of the invoices are attached hereto as EXHIBIT CC and made a part hereof for all purposes.

56)    On or about April 4, 2002, at the instance and request by the owner/master of the F/V DON FRANCISCO R IX, Plaintiff furnished diesel fuel, lube oil, and other associated petroleum products to such Defendant vessel. Plaintiff delivered to the owner/master of such vessel its statements for the aforementioned fuel and associated products, and after allowing all just credits and offsets, the amount of $11,207.07, including interest through April 30, 2003, remains due and owing to Plaintiff and such amount has not been paid to Plaintiff. True copies of the invoices are attached hereto as EXHIBIT CC and made a part hereof for all purposes.

57) On or about August 13, 2002, at the instance and request by the owner/master of the F/V CANCUN BAY, Plaintiff furnished diesel fuel, lube oil, and other associated petroleum products to such Defendant vessel. Plaintiff delivered to the owner/master of such vessel its statements for the aforementioned fuel and associated products, and after allowing all just credits and offsets, the amount of $ 2,343.64, including interest through April 30, 2003, remains due and owing to Plaintiff and such amount has not been paid to Plaintiff. True copies of the invoices are attached hereto as EXHIBIT DD and made a part hereof for all purposes.

58) On or about August 5, 2002, at the instance and request by the owner/master of the F/V CANCUN BAY II, Plaintiff furnished diesel fuel, lube oil, and other associated petroleum products to such Defendant vessel. Plaintiff delivered to the owner/master of such vessel its statements for the aforementioned fuel and associated products, and after allowing all just credits and offsets, the amount of $ 4,653.09, including interest through April 30, 2003, remains due and owing to Plaintiff and such amount has not been paid to Plaintiff. True copies of the invoices are attached hereto as EXHIBIT DD and made a part hereof for all purposes.

59) On or about August 10, 2002, at the instance and request by the owner/master of the F/V CANCUN BAY III, Plaintiff furnished diesel fuel, lube oil, and other associated petroleum products to such Defendant vessel. Plaintiff delivered to the owner/master of such vessel its statements for the aforementioned fuel and associated products, and after allowing all just credits and offsets, the amount of $ 6,675.02, including interest through April 30, 2003, remains due and owing to Plaintiff and such amount has not been paid to Plaintiff. True copies of the invoices are attached hereto as EXHIBIT DD and made a part hereof for all purposes.

60)    On or about August 5, 2002, at the instance and request by the owner/master of the F/V CANCUN BAY IV, Plaintiff furnished diesel fuel, lube oil, and other associated petroleum products to such Defendant vessel. Plaintiff delivered to the owner/master of such vessel its statements for the aforementioned fuel and associated products, and after allowing all just credits and offsets, the amount of $ 4,366.40, including interest through April 30, 2003, remains due and owing to Plaintiff and such amount has not been paid to Plaintiff. True copies of the invoices are attached hereto as EXHIBIT DD and made a part hereof for all purposes.

61)    On or about August 13, 2002, at the instance and request by the owner/master of the F/V CANCUN BAY VII Plaintiff furnished diesel fuel, lube oil, and other associated petroleum products to such Defendant vessel. Plaintiff delivered to the owner/master of such vessel its statements for the aforementioned fuel and associated products, and after allowing all just credits and offsets, the amount of $ 4,142.29, including interest through April 30, 2003, remains due and owing to Plaintiff and such amount has not been paid to Plaintiff. True copies of the invoices are attached hereto as EXHIBIT DD and made a part hereof for all purposes.

62)    On or about September 1, 2000, and on subsequent dates at the instance and request by the owner/master of the F/V SAN JOSE I, Plaintiff furnished diesel fuel, lube oil, and other associated petroleum products to such Defendant vessel. Plaintiff delivered to the owner/master of such vessel its statements for the aforementioned fuel and associated products, and after allowing all just credits and offsets, the amount of $ 14,544.93, including interest through April 30, 2003, remains due and owing to Plaintiff and such amount has not been paid to Plaintiff. True copies of the invoices are attached hereto as EXHIBIT EE and made a part hereof for all purposes.

63)     On or about September 21, 2001, and on a subsequent date at the instance and request by the owner/master of the F/V SAN JOSE II , Plaintiff furnished diesel fuel, lube oil, and other associated petroleum products to such Defendant vessel. Plaintiff delivered to the owner/master of such vessel its statements for the aforementioned fuel and associated products, and after allowing all just credits and offsets, the amount of $ 12,073.19, including interest through April 30, 2003, remains due and owing to Plaintiff and such amount has not been paid to Plaintiff.  True copies of the invoices are attached hereto as EXHIBIT EE and made a part hereof for all purposes.

64)     On or about August 13, 2001, at the instance and request by the owner/master of the F/V MORANDES, Plaintiff furnished diesel fuel, lube oil, and other associated petroleum products to such Defendant vessel. Plaintiff delivered to the owner/master of such vessel its statements for the aforementioned fuel and associated products, and after allowing all just credits and offsets, the amount of $ 14,970.26, including interest through April 30, 2003, remains due and owing to Plaintiff and such amount has not been paid to Plaintiff.  True copies of the invoices are attached hereto as EXHIBIT FF and made a part hereof for all purposes.

65)     On or about September 5, 2000,  at the instance and request by the owner/master of the F/V FIPESCO 111, Plaintiff furnished diesel fuel, lube oil, and other associated petroleum products to such Defendant vessel. Plaintiff delivered to the owner/master of such vessel its statements for the aforementioned fuel and associated products, and after allowing all just credits and offsets, the amount of $ 11,013.60, including interest through April 30, 2003, remains due and owing to Plaintiff and such amount has not been paid to Plaintiff.  True copies of the invoices are attached hereto as EXHIBIT GG and made a part hereof for all purposes.

66)    Plaintiff has and claims a maritime lien against each of the above-named vessels in the respective amounts set forth above, the principal amount of which claims shall continue to accrue on each account until paid, and/or until any proceeds shall be derived from the sale by the United States Marshal of any of the subject vessels.

67)    Plaintiff has made claim upon the in rem defendants and has requested that such accounts be paid. Despite due demand, the Defendants have failed to pay the accounts and Plaintiff is entitled to judgment against such Defendants for the amounts set forth above.

IV.

## ATTORNEYS' FEES

68)    Plaintiff would further show the court that by reason of the Defendants' willful and wrongful refusal to pay said just amount, Plaintiff has been required to retain the services of the undersigned attorney and is entitled to recoup reasonable attorney's fees in connection with the collection of said accounts.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays:

A.    that process in due form of law be issued against the Defendant vessels, their engines, tackle, apparel, etc. and all other necessaries thereunto belonging and appertaining, *in rem*, and that any person claiming any right, title or interest in said Vessels be cited to appear and answer this Complaint;

B.    Plaintiff have judgment against the Defendant vessels and that Plaintiffs maritime lien against such vessels according to law and that the proceeds from the sale of such vessels be applied to the debt owed to Plaintiff;

C.    that Plaintiff have pre- and post-judgment interest as provided by law and costs of suit;

D.    that Plaintiff have such other and further relief to which it may be justly entitled.

Respectfully submitted,

By: _____
Dennis Sanchez
SBN: 17569600
Fed. ID: 1594
CCBN:   2004

SANCHEZ, WHITTINGTON, JANIS
& ZABARTE, L.L.P.
100 North Expressway 83
Brownsville, TX 78521-2284
(956) 546-3731 - Telephone
(956) 546-3765 or 546-3766 - Fax

ATTORNEYS FOR PLAINTIFF

## VERIFICATION

THE STATE OF TEXAS     §

COUNTY OF CAMERON   §

    BEFORE ME, the undersigned authority, on this day personally appeared DAVID EYMARD, in his capacity as President of VALLEY ICE & FUEL CO., INC., who, being by me first duly sworn, deposed and said:

1.     My name is David Eymard. I am the President of VALLEY ICE & FUEL CO., INC., Plaintiff in the above-entitled and numbered action. I have read the foregoing Complaint and the contents thereof are true and correct to the best of my own personal knowledge and belief.

FURTHER AFFIANT SAITH NOT.

                        _____
                        DAVID EYMARD, President
                        VALLEY ICE & FUEL CO., INC.

    SWORN TO AND SUBSCRIBED BEFORE ME by the said DAVID EYMARD, in his capacity as President of VALLEY ICE & FUEL CO., INC., TO CERTIFY WHICH witness my hand and seal of office this _11¼_ day of June, 2003.

                        Notary Public, State of Texas